**Jill R. SPRINGER, Appellant/Cross–Respondent,**

v.

**Philip W. SPRINGER, Respondent/Cross–Appellant.**

**Nos. ED 87995, ED 88207.**

Missouri Court of Appeals, Eastern District, Division Three.

June 5, 2007.

Daniel R. Schramm, Chesterfield, MO, for appellant/cross-respondent.

Michael H. James, Natalie Hoernschemeyer, Chesterfield, MO, for respondent/cross-appellant.

KENNETH M. ROMINES, J.

### Introduction

This is a dissolution case, which originated when Jill R. Springer (Jill) filed a Petition for Dissolution against Philip W. Springer (Philip). The case was tried before the Circuit Court of the City of St.

---

Louis, the Honorable Calea Stovall–Reid presiding, on October 3rd, 4th, 5th, 6th, and 7th, 2005. Jill filed a Motion to Re-open the Evidence Due to After Discovered Evidence, in which she alleged that Philip owns marital property that he did not disclose prior to or during trial. The Court granted the Motion, and heard additional evidence on 8 March 2006. On 20 March 2006, the Court entered its Judgment of Dissolution of Marriage. The Court awarded the parties joint legal and physical custody of their two minor children; ordered Philip to pay $888 in monthly child support; ordered Jill to pay Philip's attorney's fees and costs associated with Jill's Motion to Re-open the Evidence; and divided the marital property.

Philip filed a Motion to Amend the Judgment. The Court granted the motion, in part, and amended its original judgment. The amended judgment divided the parties' marital personal property.

Jill raised seven points on appeal, and Philip raised five points in his cross-appeal. Because the appeal and cross-appeal address some common issues, we have reduced the parties' twelve points of error to the following eight issues. Both parties believe the case needs to be reversed and remanded, such that multiple errors may be revisited. We agree.

### Division of Marital Property

Jill argues that the Court's marital property division is improper, because the Court did not divide two checks for roof repairs, the marital home's tax liability, or personal property that Jill claims is her separate property, and the Court failed to determine whether Jill was entitled to a portion of an insurance payment she claims was reimbursed to Philip. Philip argues that the Court's division of the parties' marital personal property was unjust because it favors Jill, and the Court failed to award him a separate interest in the property at 6026 Westminster Place—which Jill claims was transmuted into marital property. The parties agree that the Court erred when it determined that it did not have sufficient evidence to determine the value of the parties' business, Flower Depot—and then awarded the business to Jill.

### Student Loans

Jill argues that the Court erred when it treated Philip's $43,314 Sallie Mae student loan, which he incurred before the marriage, as marital debt.

### Legal Custody

Jill claims the Court erred when it awarded the parties joint legal custody of their two children, because she and Philip lack a commonality of beliefs and disagree about how to raise the children.

### Physical Custody

The parties agree that the custody schedule entered by the Court contains too many transitions for their son Charles. Philip claims the Court should have approved an alternating week parenting plan. Jill asserts that the Court ignored its own finding that Charles experiences difficulty with changes in his environment, and misconstrued Dr. Rohen's testimony on this matter. Jill also claims the joint physical custody award was neither supported by substantial evidence nor in the best interests of the children, because the Court's award of spring break custody to Philip may conflict with her Easter weekend custody every other year.

### Child Support and Form 14 Calculations

Jill argues that the Court's Form 14 calculations and child support award are incorrect, because: Philip's health insur-

ance costs are overstated; the Court ordered that child tax exemptions shall alternate between the parties annually; the Court failed to address the children's tuition costs, which Jill paid between the filing and PDL order dates; the Court omitted Jill's work-related child care costs; and the Court did not address whether Philip violated the PDL order when he increased the deductibles on the children's health insurance plan from $500 to $5,000.

The parties agree that the child support award should be reversed, such that the Court can calculate Philip's work-related expenses, include them in its Form 14 calculations, and award a child support amount that comports with these calculations.

## Attorney's Fees

Jill argues that the Court erred when it enforced its 14 November 2005 order, which granted Jill's Motion to Re-open the Evidence, and stated: "[i]t is agreed by the parties that non-prevailing party shall be responsible for the payment of prevailing party's attorney's fees, and costs...." After Jill's motion was heard, the Court found that it was frivolous and brought in bad faith, and ordered Jill to pay Philip over $40,000 in attorney's fees and costs. Jill claims the Court's award of attorney's fees and costs was punitive, and violated Section 452.355 RSMo (2000). Jill also asserts that it was unfair for the Court to find that she is the non-prevailing party, because the Court refused to let her present evidence in support of her motion.

## Motion for Recusal

Jill argues that the Court erred when it denied, without an evidentiary hearing, her Motion for Recusal under Rule 2.03, Canon 3(E). Jill claims the Court demonstrated an appearance of bias and prejudice toward her counsel.[1] Jill directs us to numerous examples of this appearance of bias and prejudice in the record: the Court characterized Jill's counsel's attempt to introduce photographs of the parties' children as "ridiculous"; asked the Deputy Sheriff to remove Jill's counsel to the back of the courtroom in response to counsel's multiple requests to make an offer of proof; allowed Philip's counsel to cross-examine Jill's appraisal expert without her counsel present; refused to allow Jill's expert to render an opinion; refused to allow Jill's counsel to question and cross-examine Philip's father, a character witness; characterized Jill's counsel's understanding of imputed income as "absurd"; accused Jill's counsel of trying to "fabricate income"; and, finally, said to counsel: "I assume you attended law school so you should understand what the problem is."

## Failure to Make Findings and Conclusions

Finally, both parties agree that the Court erred when it failed to make requested findings of fact and conclusions of law regarding the value of the parties' business, Flower Depot; the value of personal property; the joint physical custody award; whether Philip's student loans are separate or marital property; and Philip's child support obligation.

## Conclusion

We agree with the parties that this case must be reversed and remanded for reconsideration of the multiple errors. Of particular concern is the appearance of impropriety given by numerous comments and actions of the Circuit Court. We are especially concerned with the Court's refusal to allow counsel to make an offer of proof. Rule 73.01 requires the Court to receive

---

1. Jill's present counsel was not her attorney at trial.

offers of proof, and the Court's refusal to do so was grossly inappropriate. Also troubling is the Court's comment to Jill's counsel "I assume you attended law school...."

Finally, we note that the $40,663.50 attorney's fees award to Philip, awarded without any regard to Section 452.355, appears to be an egregious penalty and cannot stand.

Because this court cannot credibly carve out and affirm distinct portions of the Judgment, the Judgment is reversed in its entirety and remanded for re-trial. In order to avoid any appearance of impropriety, on remand, this cause should be reassigned.

GLENN A. NORTON, P.J. and LAWRENCE E. MOONEY, J., concur.